## LIABILITY FOR THEFT FROM A PULLMAN CAR PASSENGER.

Court of Appeals for Hamilton County.

ROBERT J. BONSER v. THE PULLMAN COMPANY.

Decided, April 12, 1913.

*Negligence—Resulting in Loss by Theft—Money and Jewelry Stolen From a Sleeping Car Passenger—Company Held Not Liable.*

A sleeping car company is not an insurer of the safety of property belonging to its passengers although held to a high degree of care in its protection, but where the evidence goes to show that a passenger was himself negligent with reference to the care of money and jewelry which was stolen from his berth during the night, a judgment in favor of the company will not be set aside.

*Louis B. Sawyer* and *Wm. A. Roudebush,* for plaintiff in error. *Mortimer Matthews,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

Plaintiff brought this action to recover the value of a diamond ring and money which was lost or stolen out of his trousers pocket while he was a passenger in defendants' sleeping car. Before retiring plaintiff took his valuable diamond ring from his finger and placed it in his trousers pocket, in which he also had $220 in money in bills. As he was somewhat disabled by lameness and had therefore taken a whole section he caused the porter to hang up his trousers with these valuables in the pockets, on a hook next to the aisle within the curtain of his section and against the partition between his berth and the adjoining one. When he secured his trousers in the morning while dressing, he discovered that his ring and money were gone.

It appears that the trousers could have been reached, by the occupant of the adjoining berth, where they hung through the night, and the pockets could have been rifled without being seen from the aisle, and for that reason the place selected was an unusual or dangerous place for the deposit of plaintiff's money and diamond ring, and plaintiff had reason to know that it could

not be as effectually guarded there as in some other place he might have selected in his berth.

Plaintiff claims that the trial court erred in refusing to give the following special charge requested by him, to-wit:

"I charge you that defendant was bound to use ordinary care to prevent the theft of plaintiff's money and ring while he was asleep, if plaintiff placed it anywhere in his berth, and plaintiff can not be held guilty of negligence contributing to the loss of his property by placing his money and ring in one place rather than in another in the berth."

This charge if given would remove all possibility of plaintiff being guilty of contributory negligence so long as he places his money and valuables any place within the limits of the berth he is occupying regardless of how or where they might be placed or how accessible they might be to others in the car. It would seem to relieve plaintiff from all duty of exercising ordinary care regarding the safety of his own property. The law of this state does not recognize so lax a rule as to the duty of a passenger.

The law in Ohio requires such a passenger to take ordinary care for the safety and protection of his property, and while the sleeping car company is held to a high degree of care in the protection of plaintiff's property, it does not become an insurer, nor does its duty to relieve the passenger from taking ordinary care for the preservation of his property. The question of whether the company was negligent is for the jury.

The charge of the court below correctly states the law submitting the question of defendant's negligence under the circumstances of the case to the jury and its evrdict in favor of the defendant is sustained by the evidence. The judgment is therefore affirmed.