**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1934
_____

UNITED STATES OF AMERICA

v.

MIRIAM ZUGHBI
 Appellant
_____

On Appeal from United States District Court
for the District of New Jersey
No. 3-19-cr-00257-001
District Court Judge: Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
March 1, 2022


Before: McKEE,* AMBRO, and SMITH, *Circuit Judges*

(Opinion filed: May 3, 2023)


_____

OPINION*
_____


McKEE, *Circuit Judge*.

---

* Judge McKee assumed senior status on October 21, 2022.
** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Miriam Zughbi appeals the order of restitution imposed after she pled guilty to conspiring to defraud the Supplemental Nutrition Assistance Program. For the following reasons, we will affirm the District Court.

Zughbi stipulated that the conspiracy caused a loss between $3.5 million and $9.5 million. The Probation Office accepted this stipulation, and recommended restitution of approximately 4.6 million. Zugbhi did not timely object.[1] However, during the sentencing proceeding, Zughbi's attorney stated:

> I know your Honor has already made a ruling on the restitution amount . . . [,] but . . . the $4.6 million is the total amount of money that was run through the business in the period that we're discussing. Many, many, many of those transactions were legitimate transactions.[2]

Nevertheless, the Court then ordered Zughbi to pay restitution in the amount of $4,663,760.30. This appeal followed.[3]

The Mandatory Victim Restitution Act requires a court to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."[4] The District Court's factual finding regarding the amount of loss is reviewed for clear error.[5] To establish clear error, Zughbi must show "that the [$4,663,760.30] restitution figure is

---

[1] Zughbi had 14 days to object to the draft PSR. *See* Fed. R. Crim. P. 32(f)(1).
[2] App. 35.
[3] We have jurisdiction pursuant to 18 U.S.C. § 3742. We apply an abuse of discretion standard as to the appropriateness of a particular restitution award. *United States v. Himler*, 355 F.3d 735, 744 (3d Cir. 2004).
[4] 18 U.S.C. § 3664(f)(1)(A).
[5] *United States v. Akande,* 200 F.3d 136, 138 (3d Cir.1999).

'completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'"[6]

Zughbi fails to meet this heavy burden. She stipulated to a loss of between $3.5 million and $9.5 million, and the Presentence Report explained the assumptions and methodology it used to calculate loss. The restitution amount is clearly not completely devoid of a credible evidentiary basis.[7]

For the reasons set forth, we will affirm the District Court's order of restitution.

---

[6] *United States v. Vitillo*, 490 F.3d 314, 330 (3d Cir. 2007) (citing *United States v. Haut*, 107 F.3d 213, 218 (3d. Cir. 1997)).

[7] A District Court may rely on a factual statement in a PSR at sentencing, absent a timely and substantial objection from one of the parties. *See United States v. May,* 413 F.3d 841, 848-49 (8th Cir. 2005) ("Together, Rules 32(f)(1) and 32(i)(3)(A) establish that an untimely objection to a fact in the presentence report does not change the fact's 'undisputed' status, and the district court may adopt the fact without additional evidence"); *United States v. Cyr,* 337 F.3d 96 (1st Cir. 2003) (reasoning that "[t]he defendant is free to challenge any assertions in the PSR with countervailing evidence or proffers, in which case the district court is obliged to resolve any genuine and material dispute on the merits. But if the defendant's objections to the PSR are merely rhetorical and unsupported by countervailing proof, the district court is entitled to rely on the facts in the PSR."); *accord United States v. Cothran,* 302 F.3d 279, 286 (5th Cir. 2002); *United States v. Willis,* 300 F.3d 803, 807 (7th Cir. 2002); *United States v. Love,* 134 F.3d 595, 606 (4th Cir. 1998).

The District Court had discretion to entertain Zughbi's belated challenge to the PSR, *see* Fed. R. Crim. P. 32(i)(1)(D), based on her argument that although the loss was $4.6 million, this is because it included "every single transaction," including valid and legal ones. App. 37. However, the "court's use of $50 as a general point of reference for likely fraudulent transactions, even if not based on precise data," was reasonably calculated as it was based on "the average dollar amount of food stamp redemptions" at small grocery stores in Passaic County, and "the witness' observations of the size, inventory, and setup of [Zughbi's] store." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009).

3